### BRINN et al. v. COHEN.

(Supreme Court, Appellate Term. November 29, 1907.)

1. SALES—ACTION FOR PRICE—DELIVERY—NECESSITY FOR SHOWING.

    In an action for goods sold and delivered, delivery must be shown.

2. ALTERATION OF INSTRUMENTS—EVIDENCE—PRESUMPTIONS.

    Where, in an action for goods sold and delivered, it appeared that receipts in plaintiff's possession, and offered by them to corroborate their testimony as to a sale and delivery, had been altered, strong evidence was required to rebut any possible presumption that the alterations were made to meet the issue.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Alteration of Instruments, § 238.]

3. SALES—ACTION FOR PRICE—EVIDENCE—SUFFICIENCY.

    Evidence *held* insufficient to show a sale and delivery of goods, as alleged by plaintiffs.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Simon Brinn and another against Julius Cohen. From a judgment for plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

William Rosin, for appellant.
Solomon Brinn, for respondents.

ERLANGER, J. By a verified complaint plaintiffs allege that on August 17, 1906, they sold and delivered to the defendant merchandise of the agreed value of $423.78. By a verified answer a general denial was made. The issue was tried, and plaintiffs prevailed. From the judgment of $471.80 in their favor, defendant appeals.

Delivery was an essential fact to establish; in fact, it was a sine qui non to a recovery. To prove the claim one of the plaintiffs testified with great particularity how the purchase of four pieces of goods was made on the day in question, how the delivery was made, how he accompanied the messenger who carried the goods to the defendant's place of business, how he happened to see the goods in defendant's "store," and how, when the last piece of the four articles was delivered, he obtained from the defendant in his (defendant's) "store" a receipt for the same. The witness, before this precise narration of the transaction, testified that the receipt was signed in the place of business of plaintiffs after the purchase was made. The other plaintiff

testified that he remembered, August 17, 1906, when defendant called and was shown some goods by his brother which were purchased, and that he (the defendant) had purchased goods before. A receipt for the goods, apparently dated August 17, 1906, was offered in evidence to corroborate plaintiffs' version of the transaction on that day. The defendant positively denied the purchase and delivery. He admitted that on August 16, 1905, and on August 17, 1905, he had dealings with plaintiffs, and that in the same month and year he had another transaction with them, consisting of the purchase of two pieces of Venetian cloth, which he returned; that on each of the three occasions he signed a receipt for the goods delivered, and that plaintiffs had in their possession three receipts for the transactions; that the merchandise so purchased by him was paid for; and that since August 17, 1905, he had no dealings with plaintiffs whatsoever. Plaintiff, recalled, testified that in January, 1906, there was sold to defendant some merchandise, and he relied upon his books for corroboration. Up to this point there was presented the conflict, not rare in trials of issues of fact, and if there were nothing else in the case, the result could hardly be interfered with.

But appellant has raised a very serious question, and, if he is supported in his contention, the judgment must be reversed. He refers to the three receipts, and directs the attention of the court to certain erasures and changes in each, and argues that, in order to fasten upon him a liability for a sale and delivery as of August 17, 1906, the receipt (Plaintiffs' Exhibit 1) given on August 17, 1905, for four pieces of merchandise was altered by erasing the figure "5" in the date of the year and substituting therefor the figure "6," so that the receipt as altered would show on its face a transaction as of August 17, 1906, the crucial date in the case. Another receipt was offered in evidence by plaintiffs (Exhibit 2) bearing a date on its face as of August 17, 1905, for four pieces of merchandise, and this receipt, it is claimed by them, refers to the transaction had on that day. Finally, we are referred to a third receipt, calling for two pieces of merchandise (Plaintiffs' Exhibit 4), showing on its face a date as of August 16, 1905. All these receipts are written in pencil, and upon a mere inspection of them it is glaringly apparent that they were changed and altered as charged by the defendant. No attempt was made to explain this unusual condition of affairs, except that one of the plaintiffs was called, and he denied that he "rubbed" the date. These exhibits were at all times in the sole and exclusive possession of plaintiffs, and, when the charge of an alteration was made, in view of the fact that they were introduced to corroborate their story of a delivery and sale, strong evidence was required to rebut any possible presumption in favor of defendant that the alterations were made to meet the issue which the pleadings presented and raised. The denial made was entirely insufficient, and when we consider in this connection the highly improbable story that the plaintiff personally "walked to the store of defendant and seen the goods," and there obtained his receipt after the last piece was delivered, it is difficult to determine upon what theory it can be held that plaintiffs established their case by that fair preponderance of evidence which the law requires.

The court below was probably impressed with the idea that the defendant's denial that he had any transaction with plaintiffs after August 17, 1905, was fairly overcome by entries in the plaintiffs' books showing dealings between the parties after that time. The books were not in evidence. No foundation was laid for their admission, but the parties consented that the court might examine them. This examination showed that in January, 1906, business was transacted with a "J. Cohen, 879 Myrtle Avenue." The address was stricken out, and "No. 43 Eldredge Street," the address of defendant, inserted in its place, and plaintiff explained the erasure by saying, "I made a mistake, and put that in." He could not remember at first how many "Julius Cohens" he had for customers. Then he declared that he never sold goods to the other Cohen. The court seemed in no way impressed with this additional erasure, and declared that the books supported the claim of plaintiffs, and rendered judgment in their favor as shown.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.